R. PARKER WHITE, SBN 95579
**BRELSFORD ANDROVICH & WHITE**
1001 G Street, Suite 301
Sacramento, CA 95814
Tel: (916) 449-1300
Fax: (916) 449-1320

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYSON L. HARE, JR.<br><br>    Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA; COOK MEDICAL, LLC; and DOES 1 through 30, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Medical Malpractice; Personal Injury - Products Liability)** |

## I. JURISDICTION

1.  Plaintiff is a citizen of the State of California. Plaintiff is informed and believes, and thereon alleges that each Defendant is a governmental entity, corporation incorporated under the laws of the State of California, with a principal place of business in the State of California, and/or a physician and/or health care provider licensed to practice medicine with the State of California. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

## II. GENERAL ALLEGATIONS

2.  The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants DOES 1 through 30, inclusive, are unknown to plaintiff, who therefore sues such defendants by such fictitious names, and plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

Plaintiff is informed and believes and thereon alleges that each of the defendants, DOES 1 through 30, inclusive, is responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to plaintiff as herein alleged.

3. Plaintiff is now, and at all times herein mentioned was, a citizen of and resident within the State of California, and the defendants, and each of them, are now, and at all times herein mentioned were, citizens of and residents outside the State of California, and the amount in controversy exceeds the minimum jurisdictional limits of the Court.

4. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants were the agent, employee, principal or employer of each of the remaining defendants and were at all times relevant, acting within the course and scope of said relationships and each defendant has authorized, ratified and approved the acts of each of the remaining defendants.

5. Defendants UNITED STATES OF AMERICA and DOES 1 through 10, and each of them, are physicians and surgeons licensed to practice and practicing medicine in the State of California.

6. Defendants UNITED STATES OF AMERICA and DOES 11 through 15, and each of them, are now, and at all times herein mentioned were, California business entities, as a corporation, association, partnership or other type of business entity, doing business as a hospitals and clinics, and Plaintiff will ask leave to insert the correct designation when the same has been ascertained.

7. Defendant, UNITED STATES OF AMERICA is a governmental entity which owns, controls, supervises and/or dictates the actions and policies of the remaining Defendants.

8. On or about January 10, 2018, Plaintiff filed a Claim for Damage, Injury or Death form (Standard Form 95), with the U.S. Department of Veterans Affairs, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2401(b), 2671-2680.

//

9. Defendants COOK MEDICAL, LLC and DOES 16 through 20, and each of them, are now, and at all times herein mentioned were, corporations, associations, partnerships or other type of business entities, doing business as developers, manufacturers, and distributors of medical supplies, and plaintiffs will ask leave to insert the correct designation when the same has been ascertained.

## FIRST CAUSE OF ACTION

**(Medical Malpractice Against United States of America and DOES 1 through 15)**

10. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully set forth herein.

11. On or about January 19, 2017, plaintiff GRAYSON L. HARE, JR. underwent a noninvasive procedure to install a customized fenestrated stent in his abdominal artery just below his renal arteries. During the times mentioned, the Defendants, and each of them, negligently cared for, diagnosed, and treated Plaintiff GRAYSON L. HARE, JR. and failed to exercise the standard of care and skill ordinarily and reasonably required of physicians, surgeons, hospitals, nurses, etc., which proximately caused the hereinafter described injuries and damages to plaintiff.

12. During the times mentioned, the Defendants, and each of them, impermissibly delayed, failed or were negligent in providing proper care resulting in severe injury to Plaintiff's body.

13. As a proximate result of the said negligence and carelessness of the Defendants, and each of them, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and therefore alleges that said injuries will result in some permanent disability to Plaintiff, all to his general damage in the amount in excess of the minimum jurisdictional limits of this Court.

14. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons to examine, treat

and care for him and did incur and will in the future incur medical and incidental expenses. The exact amount of such expense is unknown to Plaintiff at this time, and Plaintiff shall seek leave to amend this pleading when the same has been ascertained.

15. As a further proximate result of the said negligence of the Defendants, and each of them, Plaintiff was prevented from attending to his usual occupation, employment, opportunities, benefits and advantages, and Plaintiff is informed and believes and thereon alleges that he will thereby be unable to attend to his usual occupation, employment opportunities, benefits and advantages at times in the future, and as a proximate result thereof, will sustain a loss with regard to his past and future wages and benefits, as well as his earning capacity.

WHEREFORE, Plaintiff prays for judgment against Defendant UNITED STATES OF AMERICA and DOES 1 through 15, and each of them, as follows:

1. For general damages in a sum in excess of the minimum jurisdictional limits of this Court;
2. For medical and incidental expenses according to proof;
3. For all costs of suit incurred herein;
4. For loss of earnings according to proof;
5. For all prejudgment interest on general and special damages from the date of the incident of the present complaint; and
6. For such other and further relief as this Court may deem just proper.

## SECOND CAUSE OF ACTION

**(Product Liability Against COOK MEDICAL LLC and DOES 16 through 20)**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein.

17. On or about January 19, 2017, plaintiff GRAYSON L. HARE, JR. underwent a noninvasive procedure to install a customized fenestrated stent in his abdominal artery just below his renal arteries. Due to a defective fenestrated stent, plaintiff's procedure took over 12 hours and he was exposed to radiation and contrast dye which severely damaged

1  his kidneys and he developed compartmental syndrome which required an emergency
2  fasciotomy surgery on his lower left leg.

3    18.    The defendants COOK MEDICAL, LLC; and DOES 16 through 20, and each of them, as the manufacturer, retailer, designer, wholesaler, and distributor of the products in question described as Cook Zenith custom-made fenestrated stent and are strictly liable to the plaintiff under the strict liability theory imposed by the Courts of the State of California for manufacturing, designing, modifying, and placing on the market and in the flow of commerce a defective product knowing that said product would be used by the public and particularly by the plaintiff without inspection, that said product was not fit for its intended purpose and that the benefits of the design did not outweigh the risks inherent in the design.  All of these defects proximately contributed to the injuries and damages sustained by the plaintiff as alleged herein.

    19.    As a proximate result of the said negligence and carelessness of the defendants, and each of them, plaintiff GRAYSON L. HARE, JR. was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering.  Plaintiff is informed and believes and therefore alleges that said injuries will result in some permanent disability to the plaintiff, all to his general damage in an amount in excess of the minimum jurisdictional limits of this Court.

    20.    As a further proximate result of the negligence of defendants, and each of them, plaintiff GRAYSON L. HARE, JR. was required to and did employ, physicians and surgeons to examine, treat and care for him and did incur, and will in the future incur, medical and incidental expenses.  The exact amount of such expense is unknown to plaintiff at this time, and plaintiff shall seek leave to amend this pleading when the same has been ascertained by him.

    21.    As a further proximate result of the said negligence of the defendants, and each of them, plaintiff was prevented from attending to his usual occupation, all to plaintiff's

further damage in an amount unknown at this time, and plaintiff will ask leave to amend his complaint to show the exact amount when determined.  Further, plaintiff is entitled to prejudgment interest on said amount when determined from the date of the accident of the present complaint.

WHEREFORE, plaintiff GRAYON L. HARE, JR. prays for judgment against defendants COOK MEDICAL, LLC, and DOES 16 through 20, and each of them, for:

1. General damages in excess of the jurisdictional limits of this Court;
2. All medical and incidental expenses according to proof;
3. All loss of earnings according to proof;
4. All costs of suit incurred herein, and,
5. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GRAYSON L. HARE, JR. demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  January 4, 2019                **BRELSFORD ANDROVICH & WHITE**

By   *R. Parker White*
R. PARKER WHITE
Attorney for Plaintiff